## IN RE MUNICIPAL FINANCE BILL
### 1921

The following resolution (S. R. 548) was adopted on December 15, 1921 (Sen. Journal, extra session, 1921, p. 152):

A SENATE RESOLUTION REQUESTING AN EXPRESSION FROM THE SUPREME COURT OF NORTH CAROLINA AS TO THE VALIDITY OF HOUSE BILL 59, SENATE BILL 395, KNOWN AS THE MUNICIPAL FINANCE ACT, IF PROPERLY PASSED BY THE SENATE IN THE FORM IN WHICH IT HAS PASSED THE HOUSE OF REPRESENTATIVES.

*Be it Resolved by the Senate:*

SECTION 1. WHEREAS, The Municipal Finance Act has been passed by the House of Representatives in the form as appears in the copy hereto annexed by which the incorporated towns in the county of Madison were exempted from the operation of sections 2947 and 2948 of the act; and

WHEREAS, There is a division of opinion in the Senate with respect to the constitutionality of the act in the form in which it passed the House of Representatives in the light of Article II, section 29, and Article VIII, section 4, of the Constitution of North Carolina.

SEC. 2. Now, therefore the Senate of North Carolina does most respectfully request an expression of opinion from the Supreme Court of North Carolina with respect to the validity of this act in the light of Article II, section 29, and Article VIII, section 4, of the Constitution of North Carolina, if it is passed by the Senate properly in the form in which it has passed the House of Representatives.

SEC. 3. The Principal Clerk of the Senate is hereby directed to transmit a copy of this resolution to the Supreme Court of North Carolina, together with a copy of the bill as passed by the House of Representatives.

*—Ibid.,* p. 252.

The following communication from the Chief Justice of the Supreme Court and his Associates, relative to the constitutionality of S. B. 395, H. B. 59, A bill to amend and re-enact the Municipal Finance Act, being section 2918 to 2969, Consolidated Statutes of North Carolina, is sent forward by Senator Long of Halifax, and upon motion of Senator Long of Alamance, is ordered spread upon the Senate Journal in full.

*The Honorable, The Senate of North Carolina:*

In response to the inquiry of your honorable body as to the opinion of the several members of this Court as to the constitutionality of a bill now pending before you to authorize the issue of bonds by the municipalities of the State, it appeared to us in conference with the committee of the Senate that said bill was materially amended on its passage through the House, especially by increasing the life of the bonds proposed to be issued from fifteen to thirty years.

In *Glenn v. Wray,* 126 N. C., at p. 733, it is said: "If the amendment were in a material matter, it would be necessary that the amended bill should be read over again three times in each House, with a yea and nay vote on the second and third readings entered on the Journal. *It is the bill in its final shape, not in another and different form,* which requires these preliminaries to its validity," *i.e.,* the three readings on three several days in each House, and the entry of the ayes and noes on the second and third reading in each House.

This matter is not specifically referred to in your written communication, but I take it that the object of your resolution was to ascertain the constitutionality of the pending bill should it pass, in its present shape, the second and third readings in your body. Candor compels me to say that under the ruling in *Glenn v. Wray,* which has been more than a dozen times affirmed by this Court, the bill as passed by you under the present circumstances, would be unconstitutional, and the bonds issued thereunder void, unless all previous decisions on the subject are to be overruled and set aside. This renders it unnecessary for me to express any opinion on any mere detail in the bill.

Most respectfully,

(Signed)   WALTER CLARK,
*Chief Justice.*

Raleigh, North Carolina, December 15, 1921.

*To the Honorable, the Senate of North Carolina:*

Responding to the inquiry presented at the instance of your honorable body, we are of opinion that the mere omission of Madison County from certain provisions will not of itself invalidate the act, if properly passed by both Houses, as required by the Constitution.

P. D. WALKER,
*Associate Justice.*

W. A. HOKE,
*Associate Justice.*

W. P. STACY,
*Associate Justice.*

W. J. ADAMS,
*Associate Justice.*
—*Ibid.,* p. 173.